605 A.2d 1223

**KEY SAVINGS AND LOAN ASSOCIATION, Appellee,**

v.

**LOUIS JOHN, INC., Louis Argyris and
Louis J. Cutillo, Appellants.**

Supreme Court of Pennsylvania.

Submitted Dec. 7, 1990.

Decided April 21, 1992.

Reargument Denied June 9, 1992.

Jonathan D. Bennett, Steven J. Proctor, for appellants.

Barbara S. Leonard, Michael R. Lastowski, Walter R. Milbourne, for Key Sav. and Loan Assoc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM.

The appeal is dismissed as having been improvidently granted.

McDERMOTT, J., files a dissenting opinion in which LARSEN, J., joins.

McDERMOTT, Justice, dissenting.

It is unfortunate that the majority of this Court has

elected to dismiss this appeal,[1] for this case raises significant question about the procedures attendant to satisfying judgments. Moreover, in my view the existing case law on the applicability of 42 Pa.C.S. § 8104, is at best confusing and at worst incorrect; and this case offered the Court an opportunity to resolve certain issues. As a consequence, I am compelled to dissent from the Court's decision, and in support of that dissent, I submit the following comments.

The facts underlying this appeal were essentially undisputed. Appellant, Louis J. Cutillo (Cutillo) and Louis Argyris (Argyris) were involved in a construction business known as Louis John, Inc. In 1978, Key Savings and Loan Association (Key),[2] issued a construction loan to Louis John, Inc., in the principal sum of $1,980,000.00. Argyris and Cutillo signed the bond and warrant accompanying the mortgage both as individuals and as officers of the corporation. A clause in the bond and warrant provided that liability under the mortgage was joint and several: "IF THIS INSTRUMENT is executed by more than one person or corporation or both as Obligor, the authorizations, obligations, liabilities and waivers of each shall be joint and several." In September of 1979, Key issued a notice of default on the loan. Thereafter, Cutillo, for reasons not relevant to this appeal, decided to sell all of his interest in the corporation to Argyris. Key was amenable to this change in corporate ownership and, to that end, agreed to the exchange of mutual releases with Cutillo. Cutillo released Key from all liability arising from Key's notice of default and the exercise of its rights under a collateral

1. It should be emphasized that the Court's decision to dismiss this appeal as having been improvidently granted is *not* an affirmance of the Superior Court's order, or the rationale put forth by the Superior Court.

2. During the pendency of this appeal, Atlantic Financial Federal assumed, by merger, the liabilities of Key Savings & Loan Association. Thereafter, the Resolution Trust Corporation became the receiver for Atlantic Financial Federal. In the interests of clarity, we shall continue to identify the appellee in the present case as the Key Savings & Loan Association.

pledge agreement. Key, for its part, released Cutillo from any claims arising under the bond and warrant:

> KNOW ALL MEN BY THESE PRESENTS that KEY SAVINGS AND LOAN ASSOCIATION, for and in consideration of One ($1.00) Dollar, does hereby remise, *release and forever discharge* LOUIS J. CUTILLA (sic) ... of and from all, and all manner of, *actions and causes of action, suits,* debts, dues, accounts, bonds, covenants, contracts, agreements, *judgments, claims and demands whatsoever in law or equity,* specifically arising out of joining in the execution of a certain Bond and Warrant dated September 28, 1978 secured by a Construction Mortgage in the principal amount of $1,980,-000.00 and a Completion Bond of even date, given by LOUIS-JOHN, INC., TERRACED HILL, INC., LOUIS ARGYRIS and LOUIS J. CUTILLA (sic).... (emphasis supplied.)

In February of 1981, despite the executed releases, Key confessed judgment on the bond and warrant against Louis John, Inc., Argyris, and Cutillo in the full penal sum of $3,960,000.00. Thereafter, Cutillo made written requests of Key to have the judgment marked satisfied. The record reveals that, on advice of counsel, Key would not agree to mark the judgment satisfied as to Cutillo because Key was concerned that such an action would have an impact on its rights against the other judgment debtors. On November 13, 1981, Cutillo filed a petition to have the judgment marked satisfied as to him.[3] In response, Key asserted that

3. There is some confusion as to the statutory basis upon which this petition was filed, with Mr. Cutillo's counsel contending said petition was filed under the Act of March 14, 1876, P.L. section 1, 12 P.S. § 978. However, said statutory basis was not available at the time this petition was filed, having been repealed as of June 27, 1980, and the only statutory basis upon which his petition could have been filed was 42 Pa.C.S. § 8104(a). As a consequence of this procedural fact appellee has argued that the instant complaint should have been barred under principles of *res judicata.* Appellee's argument on this point is not persuasive since the statute which authorized the bringing of the present action clearly permits an action for liquidated damages to be brought as a "supplementary proceeding in the matter in which the judgment was entered." 42 Pa.C.S. § 8104(b).

the satisfaction of the judgment as to Cutillo might adversely affect its position concerning the judgment as to the other judgment debtors. In June of 1982, the trial court granted Cutillo's petition, and ordered that the judgment be marked satisfied as to Cutillo only. Key did not appeal that decision.

Thereafter, on September 14, 1982, Cutillo filed in the Court of Common Pleas of Montgomery County the action which initiated the proceeding which we are now called upon to review, i.e., a complaint for liquidated damages for the failure of the creditor to mark the judgment satisfied. Said complaint was filed pursuant to 42 Pa.C.S. § 8104(b).

The court of common pleas held that Cutillo was not entitled to recover liquidated damages on two separate grounds: (1) because Key had not received full payment of the underlying debt; and (2) that there was a good faith exception to the operation of 42 Pa.C.S.A. § 8104 and Key's actions fell within the exception.

On appeal,[4] the Superior Court determined that the trial court erred in holding that there was a good faith exception to the operation of 42 Pa.C.S.A. § 8104.[5] However, the court in a two to one decision agreed with the trial court's

---

**4.** We reject Key's argument that Cutillo has waived all issues for the purposes of appeal by failing to brief and argue post-trial motions which had been filed in the trial court. Although the proper procedure to be followed in this matter would have been the disposition of post-trial motions in the trial court, followed by a timely appeal, the trial court itself was unclear as to whether post-trial motions were required. Thus, the trial court entered an order cancelling further briefing and argument on the post-trial motions in the trial court. The Superior Court also denied Cutillo's motion to stay the appeal pending disposition of the post-trial motions. Under these circumstances, we will not find that Cutillo has waived these issues for the purposes of appellate review.

**5.** On this issue the Superior Court held "that Section 8104 does not require a willful or wanton failure to mark the judgment satisfied and that the creditor's state of mind in failing or refusing to mark the judgment satisfied is irrelevant in determining whether the debtor is entitled to liquidated damages." *Key Savings and Loan v. Louis John, Inc.*, 379 Pa.Super. 226, 234, 549 A.2d 988, 992 (1988). The request for allowance of appeal to review this issue was denied, and that issue is not now before us.

determination that Cutillo was barred from recovering liquidated damages because the underlying debt had not been satisfied by payment or operation of law.[6] The majority thus concluded that the lower court did not err in denying Cutillo's petition for liquidated damages.

On November 30, 1988, appellant filed a petition for allowance of appeal. The appellee filed a cross-petition for allowance of appeal. We denied both the petition and the cross-petition. Appellant filed an application for reconsideration of the denial of allowance of appeal in accordance with the provisions of Pa.R.A.P. 1123. Key did not seek reconsideration of the denial of their cross-petition. Reconsideration was granted as to Cutillo's original petition on November 20, 1989,[7] for the purpose of reviewing the Superior Court's interpretation and application of Section 8104, 42 Pa.C.S. § 8104.[8] The statute provides in its entirety:

(a) **General rule.**—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and the tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

(b) **Liquidated damages.**—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the

6. Judge Hester, in his dissent, agreed with the majority that there was not a good faith exception to the statute, but disagreed as to the majority's conclusion regarding the underlying debt.

7. On November 20, 1990, Key filed an application for an order dismissing Cutillo's appeal as improvidently granted or, in the alternative, granting reconsideration of the original denial of Key's cross-petition for allowance of appeal. Key's reconsideration request is clearly untimely and is therefore dismissed. *See* Pa.R.A.P. 1123. As for Key's request to dismiss this appeal as improvidently granted, our decision on the merits of this appeal adequately speaks to that contention.

8. Act of July 9, 1976, P.L. 586, No. 142 § 2.

judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

42 Pa.C.S.A. § 8104.

As remarked above, the lower courts construed the satisfaction requirement of subsection (a) as requiring the underlying debt to have actually been paid prior to the award of liquidated damages. In their analysis they relied upon the decision of the Superior Court in *Busy Beaver Building Centers, Inc. v. Tueche*, 295 Pa.Super. 504, 442 A.2d 252 (1981), wherein the Superior Court construed the "satisfaction of any judgment" phrase contained in 42 Pa.C.S. § 8104(a) to mean "the creditor has received full payment of the underlying debt instrument." *Id.*, 295 Pa. Superior Ct. at 511–512, 442 A.2d at 255.

In *Busy Beaver* the judgment debtor had executed a mortgage in favor of the judgment creditor intending for said mortgage to be in lieu of payment on the underlying judgment obligation. Thereafter, the debtor requested the creditor to mark the underlying judgment satisfied and the creditor refused. The debtor thereupon filed an action under 42 Pa.C.S. § 8104 to have the judgment marked satisfied and to recover liquidated damages. The trial court granted the debtor's request to have the judgment marked satisfied but then, in a somewhat anomalous sequel, refused to recognize the just entered satisfaction as adequate for purposes of awarding liquidated damages. Instead, the trial court made a distinct analysis as to what constituted a satisfaction for purposes of awarding damages under section 8104(b), and refused the entry of such damages on the basis that the judgment had not been adequately satisfied. The judgment creditor did not appeal the trial court's decision as to satisfaction, but the judgment debtor did appeal the refusal of the trial court to award damages. The

Superior Court then considered the question of what constitutes a satisfaction for purposes of triggering the liquidated damages award under § 8104(b).

The approach taken by the courts in *Busy Beaver*, although apparently necessitated by the manner in which the case came before them,[9] was unnecessary, and seems to have contributed to the anomalous result there as well as the result here. This conclusion is based on the following analysis.

Section 8104 is comprised of two sections: subsection (a) addresses the mandatory duty of a judgment creditor to satisfy of record those judgments which have been legally satisfied; and subsection (b) defines the consequences of a creditor's failure to mark a judgment satisfied. Since the repeal of the Act of March 14, 1876, P.L. § 1, 12 P.S. § 978, judgment debtors who are aggrieved by the failure of a creditor to mark a judgment satisfied must bring an action under section 8104(a) to have the court direct the entry of a satisfaction piece. Prior to directing such a filing the court must make a determination that the judgment at issue has in fact been satisfied, and that the debtor is in no wise liable to the creditor on the subject judgment. During the course of this proceeding a judgment creditor may certainly contest the issue of whether the judgment has in fact been satisfied, and may assert those defenses which he has to the debtor's petition. The trial court must then decide as a matter of law whether it is appropriate to mark the judgment satisfied. However, once that decision has been made, assuming that there has been no appeal, the issue of whether the judgment has or has not been satisfied has been finally litigated; and, under well recognized principles of collateral estoppel, that decision should not be attacked in a subsequent proceeding or in a subsequent phase of the same proceeding.

In the present case, and in the case of *Busy Beaver*, the courts made an independent inquiry into the question of

---

**9.** The Superior Court in *Busy Beaver* gave no indication that the issue of collateral estoppel had been properly raised.

whether the judgment was satisfied prior to determining whether liquidated damages were appropriate. Since there had already been a final determination on this issue, this second inquiry was unnecessary and should have been barred under principles of collateral estoppel.

Unfortunately, for purposes of reviewing the present case, we cannot rely upon collateral estoppel because as an affirmative defense it must be pled, and appellant here did not plead that defense.[10] Therefore, we are constrained to examine the correctness of the Superior Court's analysis of what constitutes a satisfaction, and, coincidentally, resolve the issue whether the exchange of releases between a joint and several debtor and his creditor constitutes a satisfaction of the debtor's obligation under 42 Pa.C.S. § 8104(a).

Recently, this Court, in *First National Consumer Discount Company v. Fetherman*, 515 Pa. 85, 527 A.2d 100 (1987), had an opportunity to interpret the satisfaction requirement in 42 Pa.C.S. § 8104. The creditor in *Fetherman* entered judgment in foreclosure in the amount of $27,600.00. As a result of the foreclosure proceeding property of the debtor was sold, resulting in net proceeds of $26,912.24. Pursuant to 42 Pa.C.S.A. § 8103(d), the debtor exercised his right to have the judgment in foreclosure marked satisfied, because the creditor had not petitioned for a deficiency judgment within six months after sheriff sale. The debtor then petitioned to collect liquidated damages under 42 Pa.C.S.A. § 8104. The creditor contended that the judgment in foreclosure had not been satisfied, thus precluding the award of any liquidated damages sum, because an outstanding amount remained on the underlying debt. We rejected the creditor's arguments, emphasizing that the judgment was deemed satisfied as a matter of law since no petition to fix the fair market value of the property had been filed by the creditor within the six months following the sheriff's sale. The fact that the actual amount of

10. Although we realize that appellant was the plaintiff in the proceeding below, he still had the duty of pleading the finality of the prior court's decision on the issue of satisfaction, whether in his initial complaint or in his reply to new matter.

money ultimately received by the creditor in *Fetherman* was less than the amount of the filed judgment was of no consequence. We held:

> ... that where a judgment creditor purchases the debtor's real estate at a sheriff's sale and then fails to petition to fix the fair market value of that real estate within the statutory time limitation, the judgment creditor is deemed to have received full satisfaction in kind of the underlying debt obligation. Further, at the written request of the judgment debtor and the tender of the fee for satisfaction, the judgment creditor has the duty to have the judgment marked satisfied of record. Where the judgment creditor fails to do so for more than thirty days after receiving such written notice, the judgment creditor is liable for liquidated damages pursuant to Section 8104(b). In a proceeding to recover liquidated damages, the judgment creditor will not be heard to say that he did not receive full satisfaction.

*Fetherman, id.,* 515 Pa. at 88, 527 A.2d at 105.

In the present case, given the express and unambiguous terms of the release executed by Key, releasing Cutillo from all legal actions and from all liability with regard to the bond and warrant, Key had a duty, under 42 Pa.C.S.A. § 8104(a), to enter upon request a satisfaction of the confessed judgment as to Cutillo. Key's failure to do so in a timely manner provided Cutillo with the right to collect liquidated damages pursuant to 42 Pa.C.S.A. § 8104(b). Although other parties may have continued to owe Key payment on the underlying confessed judgment, Cutillo's obligation on the judgment had been completely satisfied by the parties' release agreement. The statute which we must apply in this matter was undoubtedly enacted to protect the debtor who has extinguished his liability to a creditor. Such a debtor is entitled to have the debt, now completely satisfied, removed as to him so that his financial condition will be properly reflected for the use and benefit of others in the business world who now consider transactions with the debtor.

Accordingly, for the reasons set forth above, I would reverse the order of the Superior Court and enter judgment in the amount of the liquidated damages sum of $1,980,000.00 in favor of the appellant Cutillo against appellee Key Savings and Loan Association.[11]

LARSEN, J., joins in this dissenting opinion.

11.  I note that the Court below had fixed the amount of damages to be awarded, and that issue was not a subject of the appeal to the Superior Court. Therefore, the computation of said damages was not an issue for our review. In passing, however, I wish to note that I fully realize that the amount of the liquidated damages in the instant case is significant. However, the legislature in establishing a nondiscretionary formula based in part on a percentage of the judgment, made a legislative decision as to the appropriateness of awards entered to compensate the damage done to judgment debtors through the unlawful entry or improperly maintaining of judgments. *See Clarke v. Woodstown Construction Incorporated*, 516 Pa. 519, 533 A.2d 708 (1987). In the instant case, Cutillo alleged, although it was not statutorily required, that several significant business deals were lost because of the existence of the nearly $4,000,000.00 judgment against him. Moreover, Cutillo's counsel on several occasions prior to the formal request and tender of satisfaction fees required under 42 Pa.C.S.A. § 8104(a), warned Key of the magnitude of the potential liquidated damages.