Denise Lawhorne, : 
                   : 
               Petitioner : 
                   : 
         v. : No. 1132 C.D. 2021 
                   : Submitted: April 22, 2022 
Lutron Electronics Co., Inc. : 
(Workers' Compensation : 
Appeal Board), : 
                   : 
            Respondent : 


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge


OPINION BY JUDGE WOJCIK           FILED: October 18, 2022


Denise Lawhorne (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of the Workers' Compensation Judge (WCJ) insofar as it denied her reimbursement for the cost of presenting her medical witness. Claimant contends that she is entitled to reimbursement of this cost because she partially prevailed before the WCJ on the matter at issue. For the reasons that follow, we reverse and remand.

## I. Background

On October 4, 2018, Claimant sustained an injury in the course and scope of her employment with Lutron Electronics Co., Inc. (Employer). Pursuant to

an amended Notice of Temporary Compensation Payable (NTCP), Claimant received workers' compensation benefits. Employer recognized the injury as a left hand strain noting "discomfort in her wrist/fingers." Reproduced Record (R.R.) at 236a. The NTCP converted to a Notice of Compensation Payable by operation of law.

On March 5, 2019, Claimant returned to work with wage loss, and Employer issued a Notice of Suspension or Modification modifying her weekly benefits from full to partial. Thereafter, Claimant filed a Review Petition to expand the description of her injury to include a left shoulder strain, left carpal tunnel syndrome, left wrist strain, left elbow strain, and left arm strain. She also filed Reinstatement and Penalty Petitions.

The petitions were consolidated and assigned to a WCJ for disposition. During the litigation, Claimant withdrew her Penalty Petition. Employer filed a Termination Petition alleging that Claimant's work injuries had resolved as of March 10, 2020. Before the WCJ, Claimant testified and presented the deposition testimony of her medical expert, Samuel Grodofsky, M.D. (Dr. Grodofsky). Employer presented the deposition testimony of Stanley Askin, M.D. (Dr. Askin), and video testimony of two lay witnesses.

Claimant testified telephonically that she worked for Employer for 22 years. On October 4, 2018, Claimant sustained a work injury while working as a quality assurance agent, a position that she held for about two years. Claimant described the onset of injury as pain in her left wrist and hand, which later extended to her left elbow. Claimant related the injury to the repetitive nature of her position, which entailed opening and closing boxes to inspect the products inside. Claimant testified that she briefly stopped working and resumed modified work on December

6, 2018. On March 5, 2019, she returned to her preinjury position but was not able to use her left arm to perform her work duties. On October 1, 2019, she stopped working because of right arm pain caused by overuse. In early 2020, Claimant returned to modified-duty work where she did not use her left arm. Since May 20, 2020, on the recommendation of Dr. Grodofsky, Claimant has not worked because of pain in both arms. Claimant continues to treat with Dr. Grodofsky. *See* WCJ's Opinion, 1/27/21, at 3-4; R.R. at 146a-85a.

Dr. Grodofsky, who is board certified in anesthesiology and pain medicine, testified that he first examined Claimant in December 2019 for complaints of pain in her left elbow and hand. Dr. Grodofsky initially diagnosed Claimant with left lateral epicondylitis, also known as tennis elbow, and left carpal tunnel syndrome caused by repetitive motion at work, from which she has not fully recovered. He later diagnosed her condition as left lateral epicondylitis and left common extensor tendinosis caused by repetitive motion at work. Dr. Grodofsky restricted Claimant to sedentary work. Based on his physical examination of Claimant on May 21, 2020, Dr. Grodofsky took Claimant out of work based upon her report of intolerable pain. However, Dr. Grodofsky acknowledged that Claimant's exam findings on May 21, 2020, were identical to his prior exam findings when he released Claimant to modified work on January 14, 2020. *See* WCJ's Opinion, at 5; R.R. at 27a-28a, 36a-37a, 46a-51a, 54a-55a, 63a, 68a-71a.

Employer's expert, Dr. Askin, testified that he performed two independent medical exams (IMEs) of Claimant and executed two Affidavits of Recovery. Dr. Askin opined that as of his first IME on August 20, 2019, Claimant was fully recovered from the accepted left hand strain and could return to work without restrictions. His opinion did not change after his second IME on March 10,

2020. Dr. Askin attributed Claimant's complaints to "a mismatch between her physical capabilities and the nature of her employment activities." R.R. at 195a-96a. He testified that Claimant is merely having difficulty tolerating her work activities, which is not an injury. He did not find any objective evidence to support an ongoing left hand or left arm injury or any other work-related injury. *See* WCJ's Opinion, at 5; R.R. at 191a-96a.

Employer presented the video testimony of its Health, Safety and Environment Leader, Glenn Bowers (Mr. Bowers). Mr. Bowers testified that Employer accepted Claimant's left hand/wrist injury and permitted her to return to work with restrictions. Employer offered four modified-duty jobs to Claimant throughout the two years since her injury. These jobs were ergonomically assessed to ensure that they fit within Claimant's medical restrictions. None of the jobs involved opening or closing boxes and all of them matched her time-of-injury wages. Claimant performed the first position until October 2019, which required a visual inspection and manual touching of items. She performed the second position for about two weeks in January 2020, which required her to inspect items weighing about 0.2 pounds on average. Thereafter, Claimant performed a relabeling job for about two months, then did not work for about three months. As of August 10, 2020, Claimant is currently working at a fourth modified-duty job inspecting items and doing data entry. Mr. Bowers reported that Claimant has not complained of having pain performing this current position. *See* WCJ's Opinion, at 4; R.R. at 110a-24a.

Employer also presented the video testimony of its benefits supervisor, Gail Gehris (Ms. Gehris). Ms. Gehris testified that Claimant received short-term disability benefits for left carpal tunnel syndrome, left epicondylitis, cervical sprain, ulnar nerve lesions, and arthritis in the left arm and hand. These conditions are in

4

addition to the accepted workers' compensation injury – a left hand strain – for two distinct periods of time. *See* WCJ's Opinion, at 4; R.R. at 99a-108a.

Ultimately, the WCJ rejected the testimony of Claimant and her medical expert, Dr. Grodofsky, as well as Employer's medical expert, Dr. Askin, as not credible and detailed his reasons why. *See* WCJ's Opinion, at 6. The WCJ credited the testimony of Employer's two lay witnesses, Mr. Bowers and Ms. Gehris. By decision dated January 27, 2021, the WCJ denied Claimant's Review and Reinstatement Petitions. Notably, the WCJ also denied Employer's Termination Petition. The WCJ concluded that "Claimant successfully defended the Termination Petition," and was entitled to ongoing partial disability benefits. WCJ's Opinion, at 9, Conclusion of Law No. 8. Because Claimant prevailed in part, the WCJ awarded Claimant reimbursement for litigation costs, but less the $3,800 fee for Dr. Grodofsky's deposition. *See id.*; R.R. at 1a. The WCJ denied Dr. Grodofsky's fee because he rejected the doctor's testimony as not credible. The WCJ explained that Dr. Grodofsky's "testimony provided no evidentiary support to Claimant in this litigation." WCJ's Opinion, at 9, Conclusion of Law No. 8.

Claimant appealed the WCJ's decision to the Board, which affirmed. With regard to the denial of Dr. Grodofsky's fee, the Board echoed that, although Claimant successfully defended against the Termination Petition, Dr. Grodofsky's deposition did not contribute to Claimant's success because the WCJ rejected his testimony as not credible. Thus, the Board declined to disturb the WCJ's denial of reimbursement. Claimant now petitions this Court for review.[1]

---

[1] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011).

5

## II. Issue

Claimant argues that the WCJ erred or abused his discretion in denying reimbursement of Dr. Grodofsky's deposition fee. Claimant prevailed on a disputed issue in the litigation of the Termination Petition, *i.e.*, that she had fully recovered from her work injury. Dr. Grodofsky offered testimony on this issue. Having successfully defended against Employer's Termination Petition, Claimant maintains that she is entitled to reimbursement for Dr. Grodofsky's fee, regardless of the WCJ's credibility determination.

## III. Discussion

With a reinstatement petition, it is a claimant's burden to prove that she is once again disabled because her work injury has increased or recurred. *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 558 (Pa. 2010). Similarly, with a review petition, the burden is on the claimant to establish the existence of additional compensable injuries. *Cinram Manufacturing, Inc. v. Workers' Compensation Appeal Board (Hill)*, 975 A.2d 577, 582 (Pa. 2009).

Conversely, in a termination petition proceeding, it is the employer that bears the burden of proving that the claimant has fully recovered from the work injury. *Jones v. Workers' Compensation Appeal Board (J.C. Penney Co.)*, 747 A.2d 430, 432 (Pa. Cmwlth. 2000). "[T]here is no burden on the claimant to prove anything at all" in a termination petition proceeding. *Id.* However, a prudent claimant will generally put forth evidence to refute the employer's medical evidence of full recovery.

6

Section 440(a) of the Workers' Compensation Act (Act)[2] "authorizes an award to a claimant for litigation costs where the claimant prevails in part or in whole." *Reyes v. Workers' Compensation Appeal Board (AMTEC)*, 967 A.2d 1071, 1078 (Pa. Cmwlth. 2009). Section 440 provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, ***in whose favor the matter at issue has been finally determined in whole or in part <u>shall be awarded</u>***, in addition to the award for compensation, ***a reasonable sum for costs incurred*** for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. §996(a) (emphasis added). "Such an award is *mandatory*." *Lorino v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 266 A.3d 487, 494 (Pa. 2021) (emphasis added). "The purpose of Section 440 is to protect claimants from unreasonable contests by employers." *Id.* at 490. It is also "to ensure that claimants who have successfully litigated their claims receive their compensation undiminished by the costs of litigation." *Cairnbrook Coal Co. v. Workmen's Compensation Appeal Board*, 374 A.2d 766, 768 (Pa. Cmwlth. 1977).

"'[A] claimant must prevail on the contested issue in order to be awarded litigation costs.'" *Reyes*, 967 A.2d at 1078 (quoting *Jones v. Workers' Compensation Appeal Board (Steris Corp.)*, 874 A.2d 717, 721 (Pa. Cmwlth. 2005)).

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §996(a).

7

In addition, the costs must be "reasonable." 77 P.S. §996(a). "For litigation costs to be reasonable, the WCJ must ascertain *the extent to which they relate to* the 'matter at issue' on which [the c]laimant prevailed . . . ." *Jones*, 874 A.2d at 722 (emphasis added).

However, we are aware of no qualification, either in the statute or caselaw, that the costs incurred must contribute to the success of the matter at issue.[3] *See* 77 P.S. §996(a). To conclude that the fee must not merely relate to "the matter

[3] We note that in *O'Neill v. Workers' Compensation Appeal Board (News Corp. Ltd.)*, 29 A.3d 50, 53 (Pa. Cmwlth. 2011), this Court upheld a WCJ's determination that the claimant therein was not entitled to recoup litigation costs, particularly the deposition fee of the claimant's medical expert, who the WCJ rejected as not credible. A careful examination of this case reveals that the WCJ determined that the claimant was not entitled to reimbursement because the medical evidence bore no relation to the issue upon which the claimant had prevailed, regardless of the WCJ's credibility determination. In *O'Neill*, the employer filed termination and utilization review petitions, and the claimant filed a review petition seeking mileage reimbursement for travel incurred in her travel to receive specialized care. *Id.* at 52. The claimant did not prevail in the termination or utilization review petitions, but she did prevail on her review petition seeking travel expenses. *Id.* at 59. The WCJ found that the claimant's unrebutted testimony and evidence proved that she was unsuccessful in locating a local doctor to treat her condition. *Id.* at 53. Thus, the WCJ determined that the claimant's mileage was reimbursable and awarded mileage costs. *Id.*

However, the WCJ found that the claimant was not entitled to reimbursement of other litigation costs. *Id.* Although the claimant incurred other litigation costs, including the deposition fee of her medical expert, she did so in defense of the employer's termination and utilization review petitions. *Id.* at 59. Because the claimant failed to prevail on either of those petitions, the WCJ determined that the claimant was not entitled to any litigation costs related thereto. *Id.* Critically, the claimant's medical evidence bore no relation to the matter at issue on which the claimant had prevailed – the reimbursement of travel expenses. *Id.* The claimant's testimony was the "sole basis" for the WCJ's award of travel reimbursement costs. *Id.* at 60. Because the medical expert's deposition testimony was "*not related to the matter at issue on which* [*the c*]*laimant prevailed*," we concluded that the "litigation costs associated therewith [we]re not reimbursable under Section 440(a) of the Act. *Jones*." *Id.* at 60 (emphasis added); *accord Pacheco v. Workers' Compensation Appeal Board (Nordstrom, Inc.)* (Pa. Cmwlth., No. 408 C.D. 2020, filed March 22, 2021), *appeal denied*, 263 A.3d 545 (Pa. 2021) ("Although Section 440(a) provides for the reimbursement of reasonable litigation costs in cases where the claimant prevails in whole or in part on a contested or disputed issue, such costs must relate to the disputed issue on which the claimant prevailed.").

at issue" upon which the claimant prevailed but must directly contribute to the success of that issue, would impose an additional element not set forth in the Act and undermine the remedial purpose of the Act. *See* 77 P.S. §996(a); *Cairnbrook Coal*, 374 A.2d at 768. Furthermore, under such an interpretation, common litigation costs, such as reporting services or lost time to attend the proceedings that clearly relate to the "matter at issue," but do not otherwise contribute to the success of the litigation, would no longer be subject to recoupment, which is at odds with the plain language of the Act. *See* 77 P.S. §996(a).

In situations where an employer unreasonably contests a particular issue, "attorney's fees are assessed *in an amount attributable to the litigation of that issue, and not the entire claim.*" *Pennsylvania State University v. Workers' Compensation Appeal Board (Sox)*, 83 A.3d 1081, 1090 (Pa. Cmwlth. 2013) (emphasis added); *see Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1049-50 (Pa. Cmwlth. 2011) (providing that employer engaged in unreasonable contest to extent it refused to pay for claimant's prescriptions, and remanding matter for reconsideration of unreasonable contest attorney's fee award based solely on that ground); *Wallace v. Workers' Compensation Appeal Board (Pittsburgh Steelers)*, 722 A.2d 1168, 1171-72 (Pa. Cmwlth. 1999) (holding that employer unreasonably contested issue of whether injury was work related and remanding matter for determination of compensation due to claimant for employer's unreasonable contest of that issue); *Peljae v. Workmen's Compensation Appeal Board (Mrs. Smith's Frozen Foods)*, 667 A.2d 763, 765-66 (Pa. Cmwlth. 1995) (explaining that "[b]ecause [the] employer's contest was unreasonable only as it pertained to [the] employer's modification petition on the basis of [the claimant's] failure to pursue employment offered[, the claimant] is

9

entitled to attorney's fees relating only to that portion of the litigation," and remanding matter for calculation and assessment of fees accordingly); *Delaware Valley Fish Co. v. Workmen's Compensation Appeal Board (Woolford)*, 617 A.2d 48, 51 (Pa. Cmwlth. 1992) (holding that WCJ did not err in finding contest to be partially unreasonable and apportioning payment of attorney's fees between claimant and employer accordingly). This rationale for apportionment of attorney's fees logically extends to other litigation costs where a claimant prevails in part. This is because costs incurred must be reasonable, and reasonable costs relate to the matter at issue upon which the claimant prevails. *See Jones*, 874 A.2d at 722.

Here, Claimant prevailed because Employer did not meet its burden of proof on the Termination Petition, regardless of whether Claimant presented any evidence in defense. Nevertheless, Claimant still incurred litigation costs defending the Termination Petition. Claimant presented Dr. Grodofsky's deposition testimony not only in support of her Review and Reinstatement Petitions but in defense of Employer's Termination Petition. *See* R.R. at 26a. With regard to the Termination Petition, Dr. Grodofsky offered testimony that Claimant was not "fully and completely recovered" from her work injuries. R.R. at 54a. Although the WCJ rejected Dr. Grodofsky's testimony in its entirety as not credible, the fact remains that certain portions of his testimony were related to the "matter at issue" – the Termination Petition – in which Claimant prevailed.

Because Claimant partially prevailed in the litigation by successfully defending against the Termination Petition, Claimant is entitled to recoup any costs *related* thereto. Insofar as Dr. Grodofsky offered medical testimony in defense of the Termination Petition, Claimant is entitled to recoup a portion of his fee. Such

an allocation constitutes a reasonable sum, the reimbursement of which is mandated under the Act. *See Lorino*, 266 A.3d at 494.

## IV. Conclusion

Accordingly, we reverse the Board's determination insofar as it affirmed the WCJ's complete denial of Dr. Grodofsky's fee. We remand to the Board with instructions to further remand to the WCJ to calculate and assess an award of Dr. Grodofsky's fee insofar as it reasonably related to the issue of whether Claimant had fully recovered from her work-related injury upon which Claimant prevailed.

_____

MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denise Lawhorne,             :
                                     :
                 Petitioner   :
                                       :
           v.                   : No. 1132 C.D. 2021
                                       :
Lutron Electronics Co., Inc.   :
(Workers' Compensation       :
Appeal Board),               :
                                       :
                Respondent :

# **O R D E R**

AND NOW, this 18th day of October, 2022, the order of the Workers' Compensation Appeal Board (Board), dated September 23, 2021, is REVERSED, and the matter is REMANDED to the Board with instructions to further remand to the Workers' Compensation Judge to calculate and assess an award of Samuel Grodofsky, M.D.'s deposition fee insofar as it reasonably related to the issue of whether Petitioner Denise Lawhorne had fully recovered from her work-related injury in accordance with the foregoing opinion.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denise Lawhorne,      :
      Petitioner  :
           :
    v.       : No. 1132 C.D. 2021
           : Submitted: April 22, 2022
Lutron Electronics Co., Inc.   :
(Workers' Compensation    :
Appeal Board),      :
      Respondent :


BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE STACY WALLACE, Judge


DISSENTING OPINION
BY JUDGE WALLACE        FILED: October 18, 2022


   The Majority's opinion relies on a bright-line rule: if a workers' compensation claimant prevails on a contested issue, and a litigation cost relates to that contested issue, the employer must reimburse the claimant under Section 440 of the Workers' Compensation Act (Act).[1] Because I interpret the Act to provide discretion to the workers' compensation judge (WCJ), I respectfully dissent.

   As the Majority aptly summarizes, Denise Lawhorne (Claimant) prevailed in defeating her employer's Termination Petition. The WCJ explained that he rejected the testimony of Claimant's expert, Samuel Grodofsky, M.D., and did not rely on it for any petition in this matter, including the Termination Petition on which Claimant

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 996(a).

prevailed. Reproduced Record at 251a. Specifically, the WCJ concluded: "Claimant presented the testimony of Dr. Grodofsky as her medical expert on all three petitions, and his testimony is rejected as not credible." *Id.* For this reason, the WCJ awarded Claimant her litigation costs not including Dr. Grodofsky's deposition fee. *Id.* The Workers' Compensation Appeal Board affirmed the WCJ, explaining Dr. Grodofsky "did not contribute to [Claimant's] success" because the WCJ rejected his testimony. *Id.* at 261a.[2]

The Majority reverses and interprets the mandatory language of Section 440 to mean Claimant is entitled to reimbursement for "any" litigation costs related to the Termination Petition. I do not read the Act or our Supreme Court's decision in *Lorino v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 266 A.3d 487 (Pa. 2021), to mean all costs must always be awarded to a claimant if he or she prevails. Though any cost Claimant recoups must relate to the Termination Petition, the analysis does not end there.

Section 440 provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a **reasonable sum** for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded

---

[2] I do not agree with the Board's rationale but would affirm for the reasons below. *See Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 978 n.6 (Pa. Cmwlth. 2022) (citing *White v. Workmen's Comp. Appeal Bd. (Good Shepherd Rehab Hosp.)*, 666 A.2d 1128, 1131 n.6 (Pa. Cmwlth. 1995)) (this Court may affirm "on any basis appearing in the record").

when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a) (emphasis added).

Significantly, the Act provides that costs must be "reasonable." This confers discretion on the WCJ. If a claimant expends excessive sums on litigation costs, or incurs inappropriate expenditures, the WCJ need not order reimbursement beyond what is reasonable. Regarding expert witnesses, our imaginations can easily conjure scenarios in which a claimant deposes a multitude of experts. We can also imagine an expert who is not credible or is even contemptuous. In such situations, the employer should not have to pay for every expert that a claimant presents simply because the claimant prevailed on the matter at issue, no matter how superfluous the expert was. If a WCJ has discretion to award a "reasonable sum" for the cost of witnesses, that reasonable sum may sometimes be $0. According to the Majority's rule, however, a WCJ loses a portion of the discretion the plain language of Section 440 confers.

While I ultimately find this Court's opinions dealing with the reimbursement of expert witnesses instructive, such as *O'Neill v. Workers' Compensation Appeal Board (News Corp. Ltd.)*, 29 A.3d 50, 59-60 (Pa. Cmwlth. 2011) (emphasizing that "there is no testimony offered by Dr. Fried in these entire proceedings **that was found credible** or concomitantly accepted by the WCJ," and, "[a]s [the c]laimant's testimony is unmistakably the sole basis for the WCJ's award of travel reimbursement costs, **Dr. Fried's unaccepted and/or rejected deposition testimony is not related to the matter at issue on which [the c]laimant prevailed** . . .") (emphasis added); *see also Pacheco v. Workers' Comp. Appeal Bd. (Nordstrom, Inc.)* (Pa. Cmwlth., No. 408 C.D. 2020, filed Mar. 22, 2021) (unreported), I would take a different approach. Those cases revolve around whether

evidence contributed to the matter at issue, *i.e.*, whether the evidence contributed to success on a contested issue. I would interpret Section 440 to give a WCJ discretion to assess the reasonableness of an award of litigation costs on a case-by-case basis, even when the claimant prevailed, and even when the costs are related to the matter at issue.

I agree with the Majority that evidence relates to the matter at issue when it is used in prosecuting or defending a specific petition for which the claimant prevailed or prevailed in part. With respect to litigation costs for witnesses or expert witnesses, however, an assessment of reasonableness should necessarily include a review of factors including credibility. In cases where the WCJ expressly rejects an expert's testimony on the basis of credibility, I would hold the WCJ does not commit error if he or she declines to order reimbursement. A focus on credibility acknowledges the WCJ's discretion over witness credibility determinations, which we may not disturb. *Hayden v. Workmen's Comp. Appeal Bd. (Wheeling Pittsburgh Steel Corp.)*, 479 A.2d 631, 635 (Pa. Cmwlth. 1984).

Applying these principles to this case, I would conclude substantial evidence supports the WCJ's findings, and the award of litigation costs less Dr. Grodofsky's deposition fee was not an error of law.[3] Therefore, I would affirm for the reasons set forth above.

_____
STACY WALLACE, Judge

---

[3] I would also reject Claimant's argument that declining to order reimbursement for the deposition fee was an "abuse of power." Claimant's Br. at 11, 14.