North Star Transfer Company and Bituminous Insurance Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ovidio Avolio, Respondents.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*George H. Thompson,* with him *Hirsch, Weise & Tillmen,* for petitioners.

*June S. Schulberg,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., August 20, 1979: This appeal stems from an award affirmance by the Workmen's Compensation Appeal Board to Ovi-

dio Avolio for total disability in addition to payments for specific loss of his right eye. We affirm.

The recorded orchestration of events indicates that Mr. Avolio was injured when a nail struck his eye during work leading to loss of vision and eventual enucleation. Specific loss benefits were being paid when claimant filed a modification petition pursuant to the second paragraph of Section 413 of The Pennsylvania Workmen's Compensation Act[1] alleging total disability as a result of the April 19, 1973 injury separate from the eye injury. This petition was based on the allegation that on or about June 13, 1973, he began to experience head and neckaches and pain in the lower back, hands and arms.

One doctor opined that the physical maladies resulted from a conversion neurosis triggered by emotional stress secondary to the eye injury. Another doctor, engaged by appellants, suggested that Avolio's symptoms were the result of a conversion neurosis exaggerated for work avoidance and a suitable financial settlement. A doctor appointed by the referee determined that he had a chronic encephalopathy due to remote trauma complicated by a severe emotional overlay.

The primary issue is whether Avolio suffered a second compensable injury within the strictures of Section 306(d),[2] which provides:

> Where, at the time of the injury the employe receives other injuries, separate from these which result in permanent injuries . . . , the number of weeks for which compensation is specified for the permanent injuries shall begin at the end of the period of temporary total dis-

---

[1] Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 642, *as amended*, 77 P.S. §772.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(d).

ability which results from the other separate injuries. . . .

Employer first argues that this section requires proof of an injury apart from the eye, arising at the instant of the eye injury, and caused by an "injury" separate from the nail hitting the eye. We disagree. Specific loss benefits provide for all disability emanating from or connected to the lost member but it must not be understood that compensation will be denied for separate injuries arising as a result of the singular incident. *Lente v. Luci,* 275 Pa. 217, 119 A. 132 (1922).

In reviewing the record, we find competent medical testimony to support the referee when he held that Avolio was totally and permanently disabled due to a conversion reaction.

Employer's contention that the impartial physician improperly based his conclusions regarding causation on an assumed concussion is meritless. To have assumed that a concussion occurred would be reversible error. *Workmen's Compensation Appeal Board v. Czepurnyj,* 20 Pa. Commonwealth Ct. 305, 340 A.2d 915 (1975). The referee found the disability resulted from the conversion reaction and not a concussion and as stated substantial evidence supported the referee.

Accordingly, we

## Order

And Now, this 20th day of August, 1979, the order of the Workmen's Compensation Appeal Board in the above captioned matter is affirmed, and it is directed that judgment be entered against North Star Coal Company and/or its insurance carrier, Bituminous Casualty Corporation, and in favor of Ovidio Avolio. The employer and/or its insurance carrier is hereby

ordered to pay compensation at the rate of $100.00 per week as follows:

Compensation is payable for the ten (10) week healing period from April 20, 1973 through June 28, 1973, inclusive. Compensation is then payable for the loss of the right eye beginning June 29, 1973 through July 22, 1974, inclusive, a period of fifty-five and four-sevenths (55 4/7) weeks. Compensation is then payable for total disability beginning July 23, 1974 continuing into the indefinite future, however, all within the meaning and provisions of the Workmen's Compensation Act of June 2, 1915, as amended.

Compensation payable for the loss of the right eye is suspended effective July 23, 1974 until such time that all compensation payable for disability due to a loss in earning power is terminated or suspended.

The remaining compensation for the loss of use of the right eye in the total of two hundred nineteen and three-sevenths (219 3/7) weeks shall be reinstated at the expiration of payments for disability due to a wage loss and shall be paid by the defendant and/or its insurance carrier for the duration of said two hundred nineteen and three-sevenths (219 3/7) weeks to the claimant, his survivors or his estate in accordance with the Act.

The defendant and/or its insurance carrier is directed to take credit against the aforementioned award for all compensation already paid the claimant.

The defendant and/or its insurance carrier is directed to pay the following medical expenses incurred:

Dr. Shimon Zuckerman, Inc.
1323 Florencedale Avenue
Youngstown, Ohio 44505 ........ $55.00

Dr. William N. Cannister
1009—Fourth Avenue
Coraopolis, Pa. 15108 .......... $98.00

The defendant and/or its insurance carrier is further directed to reimburse the claimant, through his counsel, for reasonable costs of prosecution incurred in the amount of $591.75, as itemized below:

| | |
|---|---:|
| Dr. Robert J. Pavlis — report dated 6/10/76 | $ 30.00 |
| Dr. David L. Spence — examination and report | 100.00 |
| appearance and testimony | 250.00 |
| Edward H. Fulesday, Jr. — Reporter transcript, Dr. Spence's depositions | 73.30 |
| Douglas R. MacQuown, Reporter transcript, Dr. Golding deposition | 67.45 |
| Dr. Robert J. Pavlis—report dated 5/14/74 | 60.00 |
| Dr. Michael Zernich—Report | 30.00 |
| Harmarville Rehabilitation Center—records—7/15/74 to 7/31/74 | 11.00 |
| | $591.75 |

Attorney fees in the amount of twenty percent (20%) of all compensation awarded herein for total disability, as agreed upon between the claimant and his counsel, are approved and the defendant and/or its insurance carrier is directed to deduct twenty dollars ($20.00) from each weekly compensation check that becomes

due and payable to the claimant for total disability only and forward it directly to:

> June S. Schulberg, Esquire
> 508 Law and Finance Building
> Pittsburgh, Pa. 15219

All remaining payments of compensation in the amount of $80.00 per week shall be paid directly to the claimant.

The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of O.I. D.C., is directed to pay the following reasonable costs of the impartial medical expert:

> Dr. E. L. Youngue
> 6034 Jenkins Arcade
> Pittsburgh, Pa. 15222 ............ $185.00