**John ENDRES, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 5, 1996.

Decided June 13, 1996.

James J. Muller, for Petitioner.

Daniel V. DiLoretto, for Respondent.

Before McGINLEY and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Claimant Mary Endres is the widow of John Endres (Decedent) and has petitioned this Court for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ) granting a fatal claim petition on behalf of Claimant and Decedent's dependent niece, Kelly Ireland (Ireland), and denying Claimant's claim petition for specific loss benefits pursuant to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1–1041.4. The issue presented is whether the WCJ properly denied specific loss benefits to Claimant where Decedent suffered a total disability and a specific loss and his death resulted from causes related to the work injury.

The facts are not in dispute. On June 4, 1984, while working for Employer as a laborer in the highway division of its streets department, Decedent sustained severe burns to 39 per cent of his body. Decedent was admitted to Saint Agnes Medical Center for treatment of the burns and subsequent development of multiple infections. On July 16, 1984, Decedent's right leg, which was infected, was amputated below the knee. Decedent died on July 29, 1984 due to the work-related injuries. Claimant filed a fatal claim petition on September 18, 1986 and a claim petition for specific loss of the right leg on November 6, 1986.

■ The WCJ awarded temporary total disability benefits to the Decedent's estate from June 5, 1984 through July 29, 1984 and fatal claim benefits to Claimant and Ireland. The WCJ concluded that since Decedent's death was a direct result of his work-related injuries, Claimant was precluded from receiving specific loss benefits pursuant to Section 306(g) of the Act, 77 P.S. § 541, and dismissed her petition for specific loss. Claimant and Employer appealed the decision of the WCJ.[1] The Board affirmed the WCJ, and

Claimant appealed to this Court. This Court's scope of review of the Board's decision is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

■ Claimant asserts that the WCJ erred as a matter of law in denying specific loss benefits as the case relied upon by the WCJ, *City of Scranton v. Workmen's Compensation Appeal Board (Rideski)*, 142 Pa.Cmwlth. 463, 598 A.2d 102 (1991), has been reversed by the Supreme Court. In *City of Scranton v. Workmen's Compensation Appeal Board (Rideski)*, 536 Pa. 161, 638 A.2d 944 (1994), the Supreme Court held that Section 306(g) of the Act allows the widow of an injured employee who dies from causes unrelated to the work injury to be paid compensation that the deceased worker would have been entitled to under Section 306(c), 77 P.S. § 513. Section 306(g) of the Act provides in pertinent part:

(g) Should the employe die from *some other cause* than the injury, payments of compensation to which the deceased would have been entitled to under section 306(c)(1) to (25) shall be paid to the following persons who at the time of the death of the deceased were dependents.... (Emphasis added.)

The Supreme Court further held in *City of Scranton* that specific loss benefits are payable pursuant to Section 306(d), 77 P.S. § 513, upon termination of the decedent's disability, and a decedent's death unrelated to the work injuries operates as a termination of the total disability. *City of Scranton* is distinguishable from the case sub judice because the parties do not dispute that Decedent died as a direct result of severe burns he sustained while in the course and scope of his employment. The WCJ weighed the evidence and determined that Decedent

1. Employer appealed the WCJ's calculation of Decedent's average weekly wage. Employer stipulated that Decedent's average weekly wage was $386, and the Board held that Employer was bound by that stipulation.

was eligible for lifetime benefits and that his dependents were eligible for fatal benefits. As such, the WCJ's denial of specific loss benefits is consistent with Section 306(g) of the Act.

Claimant further asserts that Decedent sustained an injury separate and apart from his total disability and that when his total disability ended in his death on July 29, 1984, Claimant became entitled to specific loss benefits by operation of Section 306(d) and Section 410 of the Act, 77 P.S. § 751. Section 306(d) of the Act sets forth a schedule for collecting total disability benefits and specific loss benefits and provides that the payment of specific loss benefits is to commence at the end of the temporary total disability. Therefore, Section 306(d) merely sets forth the timetable for when specific loss payments are to begin. *City of Scranton.* Section 410 of the Act is a general provision which states that benefits due to a claimant who dies before final adjudication of his or her claim are payable to the claimant's estate or dependents. This statutory provision does not provide an independent or supporting basis for a specific loss award as Claimant maintains.

Section 306(g) relates directly to the receipt of specific loss benefits and is, therefore, a more particular provision.[2] Enacted

by the 1972 amendments to the Act, Section 306(g) specifically addresses the receipt of specific loss benefits by an injured employee's dependents if the injured employee dies from causes unrelated to the work injury. Further, this Court held in *Burns International Security Services, Inc. v. Workmen's Compensation Appeal Board (Crist)*, 79 Pa. Cmwlth.340, 469 A.2d 336 (1984), that specific loss benefits are payable to survivors pursuant to Section 306(g) of the Act where the decedent's death is from a cause other than the work injury. Accordingly, Section 306(g) of the Act supports the WCJ's determination that Decedent's death from causes related to the work injury does not entitle Claimant to simultaneously collect fatal claim benefits and specific loss payments. The order of the Board is therefore affirmed.

### ORDER

AND NOW, this 13th day of June, 1996, the order of the Workmen's Compensation Appeal Board is affirmed.

---

**2.** Section 1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1933, provides that when there is a conflict between general and special provisions of a statute, "the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general

provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail."